# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KEITH MEHLENBACHER, derivatively on
behalf of Nominal Defendant ASCONI
CORPORATION,**

                **Plaintiff,**

**-vs-**                                        **Case No.  6:04-cv-1118-Orl-22KRS**

**SERGUEI MELNIK, RADU BUJOREANU,
and ASCONI CORPORATION,**
                         **Defendants.**

_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration following oral argument.  The three remaining

defendants in this case, Asconi Corporation, Serguei Melnik, and Radu Bujoreanu, through their

attorneys, previously notified the Court that this case had been settled (doc. no. 92).   However,

counsel for the defendants notified me at a hearing held on January 23, 2006, that Asconi

Corporation has not authorized them to sign the settlement agreement.  Asconi Corporation's

refusal to sign, or authorize its attorneys to sign, the settlement agreement undermined the

settlement agreement with respect to Melnik and Bujoreanu, who agreed to the settlement only

because they were to be indemnified by Asconi Corporation.

I ordered Asconi Corporation personally to appear, through its representative, at the

January 23, 2006 hearing.  Asconi Corporation received notice of the order, but it did not appear.

Asconi Corporation's failure to appear was in direct violation of a Court order requiring it to send a representative to the hearing (doc. no. 99).

When a party fails to obey a scheduling or pretrial order, or fails to appear at a scheduling or pretrial conference, Federal Rule of Civil Procedure 16(f) provides that the judge may make such orders as are just, including any of the orders provided for in Federal Rule of Civil Procedure 37(b)(2)(B), (C) or (D).  The standard of review for sanctions imposed under Rule 37 is whether the trial court abused its discretion in imposing sanctions.  *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).  In reviewing the trial court's exercise of discretion, the reviewing court will consider whether "a less drastic but equally effective remedy could have been fashioned."  *Aztec Steel Co. v. Fla. Steel Corp.,* 691 F.2d 480, 481-82 (11th Cir. 1982).

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process."  *Id*. at 482.  The Supreme Court has observed that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."  *Nat'l Hockey League*, 427 U.S. at 643.

Asconi Corporation has caused misrepresentations to be made to the Court regarding the settlement of this case.  When it was given the opportunity to appear in Court to address these misrepresentations, it failed to appear.  This conduct reflects deliberate disregard of the authority of the Court.  By refusing to sign, or authorize its attorneys to sign, the settlement agreement, Asconi Corporation has prejudiced the plaintiffs and its co-defendants, and undermined the

-2-

integrity of the litigation process.  As such, I conclude that the only appropriate sanction in this instance is for the Court to render a judgment by default against Asconi Corporation pursuant to Rule 16(f) and Rule 37(b)(2)(C).

Therefore, I respectfully recommend that the Court find as follows:

1.	Asconi Corporation, through its attorneys, made misrepresentations to the Court regarding the settlement of this case.

2.	Asconi Corporation violated an Order of the Court requiring it to send its representative to appear at the January 23, 2006, hearing.

3.	The appropriate sanction as to Asconi Corporation is an order rendering a default judgment against it.

I further recommend that the Court order the plaintiffs to file and serve a proposed default judgment order.  The terms of the default judgment order should incorporate the terms of the settlement agreement purportedly reached between Asconi Corporation and the plaintiffs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on January 24, 2006.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

-3-