UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

KEITH MEHLENBACHER,
Derivatively on Behalf of Nominal
Defendant Asconi Corporation,

    Plaintiff,

v.

CONSTANTIN JITARU, NATOLIE SIRBU,
SERGUEI MELNIK, NICOLAE STERBETS,
RADU BUJOREANU,
TATIANA RADU, and FRANK CLEAR,

    Defendants,

and

ASCONI CORPORATION,

    Nominal Defendant.

Case No.: 6:04-cv-01118-ORL-28KRS

## OBJECTION TO MAGISTRATE JUDGE SPAULDING'S REPORT AND RECOMMENDATION

This Objection is filed by nominal defendant Asconi Corporation ("Asconi"), by its attorneys, Harnett Lesnick & Ripps, P.A. and Brown Rudnick Berlack Israels LLP, in response to the Report and Recommendation of Magistrate Judge Karla R. Spaulding, dated January 24, 2006 (the "Report"), to this Court recommending that an order be made rendering a default judgment against Asconi.

Counsel respectfully submits this Objection mindful of the fact that Asconi elected to not have a representative attend the January 23, 2006 hearing although duly notified by counsel on several occasions that the Court had directed its presence, through a representative, at

the January 23, 2006 hearing.[1] Since counsel still represents Asconi in this proceeding, counsel is constrained to advise the Court that, in a shareholder derivative action, a "default judgment" does not appear to be an available sanction against a nominal corporate defendant, and that therefore a default judgment order against Asconi is not an appropriate sanction.[2]

As one commentator has noted:

> **In a derivative action, a stockholder sues on behalf of a corporation, those persons who injured the corporation. The corporation receives any recovery and in economic terms is the plaintiff. Yet the corporation is a nominal defendant in a derivative suit as a procedural matter.**

See Jacobs, Arnold, Disclosure and Remedies Under the Securities Laws, § 21:28, at 21-107 (derivative suits) (West 2005). Here, while the two served individual defendants disputed their liability, and the proposed settlement agreement did not provide for any compensatory damages to be paid (the settlement provided for changes in corporate governance, and plaintiff's attorneys

---

[1] Counsel has previously advised the Court that due to Asconi's repeated refusal to communicate with or cooperate with counsel, it is counsel's intention to seek leave of the Court to be relieved as counsel. Counsel therefore in the unenviable position of continuing to represent of record a foreign client, with no apparent domestic business presence, who unfortunately has ignored the directions of the Court that it send a representative to the January 23, 2006 hearing and has failed to respond to countless efforts by counsel since November 2, 2005, when the Notice of Settlement was filed, to secure authorization to sign the Stipulation of Settlement that had been negotiated and finalized, in good faith, over a period of months, by counsel to Plaintiff and Defendants' counsel. At the time the Notice of Settlement was filed with the Court, counsel believed that the case had been settled in principle and a detailed written settlement agreement, which was the product of extensive negotiation by counsel, was nearly finalized.

[2] Counsel does not dispute as set forth in the Report, that the individual defendants, Serguei Melnik and, Radu Bujoreanu, had authorized counsel to sign the settlement agreement provided they were to be indemnified by Asconi. As of the January 23, 2006 hearing date, that issue had not been resolved among defendants. Neither Melnik nor Bujoreanu have any continued affiliation with Asconi. To compound counsel's difficulty in communicating with Asconi, which is based in Moldova, the Moldova officers of Asconi do not speak English and the sole English-speaking employee of Asconi who divided his time between Florida and Moldova, advised counsel prior to the hearing date that he has resigned his employment with Asconi. All prior communications with Asconi's Moldovan officers had been done with aid of translation.

fees to be paid, subject to Court approval), it does not appear, in any event, that a default judgment can be entered against Asconi.

Accordingly, counsel respectfully submits that a proposed default judgment order is not an available sanction as against Asconi.[3]

Dated: New York, New York
February 2, 2006

HARNETT, LESNICK & RIPPS, PA

By: _____
Judith A. Ripps (FBA-0831621)

150 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432
Telephone: (561) 368-1995
- and -

**BROWN RUDNICK BERLACK ISRAELS**

By: _____
Sigmund S. Wissner-Gross
May Orenstein

Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

Attorneys for Defendant
Asconi Corporation

---

[3] Counsel further notes that throughout this case and the many related Asconi class and derivative actions that had been filed in this District (all since dismissed other than this case), counsel has endeavored to comply with all the scheduling and other Orders of the Court, as reflected in the docket entries of the various Asconi-related actions that were filed in the Court. At the direction of the Court, counsel has attended court conferences in this case and the now-dismissed class actions; counsel takes very seriously its obligations to comply with the Court's Orders, and expresses its apologies to the Court that Asconi's unwillingness to cooperate with counsel or comply with the Court's Orders that resulted in this procedural posture, and otherwise has inconvenienced the Court or resulted in any inaccurate statements being unwittingly made to the Court by counsel on behalf of Asconi.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
------------------------------------X

KEITH MEHLENBACHER, Derivatively On Behalf of AXONYX, INC.,

                              *Plaintiff,*

-against-

CONSTANTIN JITARU, NATOLIE SIRBU, SERGUEI MELNIK, NICOLAE STERBETS, RADU BUJOREANU, TATIANA RADU, AND FRANK CLEAR,

                              *Defendants.*

and ASCONI CORPORATION., as Nominal Defendant.
------------------------------------X

Case No. 6:04-cv-01118-ORL-28KRS

*AFFIDAVIT OF SERVICE BY MAIL*

STATE OF NEW YORK    )
                            )ss.:
COUNTY OF NEW YORK  )

        Amy J. Cunningham, being duly sworn, deposes and says:

        I am not a party to the within action, am over 18 years of age and reside in Queens, New York.

        That on the 3rd day of February, 2006, I served the Objection to Magistrate Judge Spaulding's Report and Recommendation in the above captioned action by depositing a true copy thereof in the U.S. Mail addressed to:

| | | |
|---|---|---|
| John G. Emerson<br>Emerson Poynter LLP<br>2228 Cottondale Lane<br>Suite 100<br>Little Rock, Arkansas 72202 | William B. Federman<br>Federman & Sherwood<br>120 North Robinson<br>Suite 2720<br>Oklahoma City, OK 73102 | David B. Ferebee<br>David B. Ferebee, P.A.<br>503 East Monroe Street<br>Jacksonville, FL 32202 |

                                                                                Amy J. Cunningham

Sworn to before me this
3rd day of February, 2006

_____
Notary Public
Diane M. Nardi
Notary Public, State of New York
No. 02NA6055794
Qualified in Queens County
Commission Expires 3/5/2007