## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| KEITH MEHLENBACHER<br>Derivatively on<br>Behalf of Nominal Defendant<br>ASCONI CORPORATION<br><br>      Plaintiff,<br>v.<br><br>CONSTANTIN JITARU,<br>ANATOLIE SIRBU,<br>SERGUEI MELNIK,<br>NICOLAE STERBETS,<br>RADU BUJOREANU,<br>TATIANA RADU, and<br>FRANK CLEAR<br><br>      Defendants,<br>and<br><br>ASCONI CORPORATION,<br><br>      Nominal Defendant. | Case No. 6:04-cv-1118-Orl-28 KRS |

### PLAINTIFF'S OPPOSITION TO NOMINAL DEFENDANT ASCONI CORPORATION'S OBJECTION TO MAGISTRATE JUDGE SPAULDING'S REPORT AND RECOMMENDATION

Plaintiff Keith Mehlenbacher ("Plaintiff"), by and through counsel, files this Opposition to Nominal Defendant Asconi Corporation's ("Asconi") Objection to Magistrate Judge Karla R. Spaulding's Report and Recommendation, wherein she recommended this Court enter an Order of default judgment against Asconi.

### ARGUMENT AND AUTHORITY

Asconi's only argument in its objection to the Magistrate's recommendation is that because it is a nominal defendant, for whose benefit the lawsuit is brought, it is not

I:\Asconi\Derivative\OppObjR&R.doc

an actual party to the lawsuit and therefore is not subject to default judgment. However, such an assertion is simply misguided and wholly unsupported by any legal authority. Courts have long held that a nominal defendant corporation in a shareholder derivative action is clearly a party to the lawsuit and as such, subject to the inherent power of the Court. In *Ross v. Bernhard*, 396 U.S. 531, 538 (1970), the Supreme Court, in discussing the corporation's role in a derivative action, explained, "The corporation is a necessary party to the action; without it, the case cannot proceed. Although named a defendant, it is a real party in interest, the stockholder being at best the nominal plaintiff. The proceeds of the action belong to the corporation and it is bound by the result of the suit."

Likewise, several other courts have recognized the unique but indispensable role the corporation plays as a party to a derivative action. In *Geer v. Cox*, No. 01-2583-JAR, 2003 WL 21254731 (D. Kan. May 21, 2003), the Court explained:

> Thus, the corporation is a necessary and indispensable party to the action and without it the case cannot proceed. Hence, it is joined as a defendant. But the corporation is only joined as a nominal defendant, since any judgment obtained against the real defendants runs in its favor. Even though a corporation in a shareholders' derivative suit brought against third parties is the direct beneficiary of a successful suit, the corporation is deemed hostile to the champion of its cause because the corporation has become through its managers hostile and antagonistic to the enforcement of the claim.

*Id.* at *2 (internal citations omitted). The Court in *Geer* was asked to decide whether the nominal defendant corporation was entitled to participate in the discovery process, including demanding discovery responses from the individually named defendants. Those defendants argued that it was not entitled to such because as a 'nominal defendant' it was not an actual party to the lawsuit. The Court disagreed, ruling that the

nominal defendant corporation was indeed a party to the lawsuit within the meaning of the Federal Rules of Civil Procedure and was therefore entitled to discovery responses. *Id.* at *3.  *See also Balliviero v. Konrad*, No. 01-2014, 2001 WL 1041771, at *1 (E.D. La. Sept. 7, 2001) ("In any derivative action, the corporation is required to serve a "dual role" and is considered to be a plaintiff seeking recovery and a nominal defendant."); *Holi-Rest, Inc. v. Treloar*, 217 N.W.2d 517, 523 (Iowa 1974) (discussing party roles and court authority in a shareholder derivative action and stating, "A court in equity may determine and decree as to the rights of the parties regardless of their positions as plaintiffs or defendants, and in a proper case may adjust rights and award relief as between co-plaintiffs and co-defendants.").  Clearly, Asconi, as a nominal defendant in this case, is a "party" to the lawsuit and subject to the inherent power and authority of this Court.

As the Magistrate sets forth in her Report and Recommendation, Federal Rule of Civil Procedure 16(f) provides that if a party or a party's attorney fails to obey a scheduling or pretrial order, the court "may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)."  As further discussed in the Report and Recommendation, Asconi has recently consistently failed to obey multiple Court orders relating to its delay in executing the stipulation of settlement between the parties.  As its counsel admits in its Objection, in spite of numerous opportunities to do so, Asconi deliberately refused to appear before the Court, as requested by both the Court and its counsel, and explain its delay in signing

I:\Asconi\Derivative\OppObjR&R.doc

the stipulation of settlement.[1] As such, Magistrate Judge Spaulding was well within her authority to recommend the Court enter default judgment against Asconi, as such relief is authorized under Fed. R. Civ. P. 37(b)(2)(C).[2]

For the reasons set forth above, the Court should overrule Asconi's Objection to Magistrate Judge Spaulding's Report and Recommendation and should adopt the terms of the Recommendation as fully set forth therein. Finally, pursuant to Fed. R. Civ. P. 16(f), Plaintiff requests attorney fees and costs incurred as a result of Asconi's refusal to comply with the Magistrate Judge's Orders in addition to those incurred in relation to defending Asconi's Objection to the Report and Recommendation.

Dated: February 17, 2006

Respectfully Submitted,

s/William B. Federman
William B. Federman, OK Bar #2853
W. Todd Ver Weire
Attorneys for Plaintiff
FEDERMAN & SHERWOOD
120 North Robinson, Suite 2720
Oklahoma City, OK  73102
Telephone:  (405) 235-1560
Fax: (405) 239-2112
*wfederman@aol.com*

---

[1] Such refusal is made all the more egregious since Asconi did not object to the formal Notice to the Court filed on November 2, 2005 indicating that the parties had reached a settlement agreement and requesting that the Court stay proceedings pending approval of same.

[2] Additionally, the Court should note that Magistrate Judge Spaulding also recommended that the terms of any proposed order adopting her Report and Recommendation should incorporate the terms of the settlement agreement reached between Asconi and Plaintiffs. As Asconi is the real party in interest under its dual role in this derivative action, it will ultimately reap the benefit of the settlement agreement. Such benefit is likely the reason that Asconi did not assert in its Objection that it would be prejudiced in any way by the Court's entry of an order of default judgment.

I:\Asconi\Derivative\OppObjR&R.doc

John G. Emerson
Scott E. Poynter
EMERSON POYNTER LLP
2228 Cottondale Lane, Suite 100
Little Rock, Arkansas 72202
(501) 907-2555/Fax: (501) 907-2556


David B. Ferebee, FB #347620
**DAVID B. FEREBEE, P.A.**
503 East Monroe Street
Jacksonville, FL  32202
(904) 358-7001

Co-Counsel for Plaintiff

I:\Asconi\Derivative\OppObjR&R.doc

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 17, 2006, a true and correct copy of the above and foregoing was sent by U.S. Mail, with postage prepaid thereon, to the following:

Sigmund S. Wissner-Gross, Esq.
HELLER, HOROWITZ & FEIT, P.C.
292 Madison Avenue
New York, New York  10017

Judith A. Ripps, Esq.
HARNETT LESNICK & RIPPS
Nations Bank Tower, Suite 500
150 E. Palmetto Park Road
Boca Raton, FL 33432

Serguei Melnik
309 Celtic Court
Oviedo, FL 32765

Radu Bujoreanu
3315 Wyndam Cir., Apt. 1236
Alexandria, VA 22302-4324


          s/William B. Federman
          William B. Federman

I:\Asconi\Derivative\OppObjR&R.doc