# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KEITH MEHLENBACHER, derivatively on
behalf of Nominal Defendant ASCONI
CORPORATION,

                **Plaintiff,**

-vs-                        **Case No.  6:04-cv-1118-Orl-22KRS**

SERGUEI MELNIK, RADU BUJOREANU,
and ASCONI CORPORATION,

                **Defendants.**

_____

# ORDER

## I. INTRODUCTION

    This cause comes before the Court for consideration of Magistrate Judge Karla R. Spaulding's Report and Recommendation ("R&R") (Doc. 113), Defendant Asconi Corporation's Objection (Doc. 115) to the R&R, and Plaintiff Keith Mehlenbacher's Opposition (Doc. 119) to that Objection.  Additionally, this Order addresses Defendants Serguei Melnick and Radu Bujoreanu's Motion to Set Aside an Entry of Default (Doc. 116) and Plaintiff Mehlenbacher's Response (Doc. 120) to that motion.

## II.  BACKGROUND

    On November 2, 2005, the parties filed a Notice of Settlement and Joint Motion for Stay of Proceedings (Doc. 92).  Therein, the parties represented to the Court that they had "reached a settlement."  Doc. 92 at 1.[1]  They noted that the case was a shareholder derivative action that

_____

[1]The next sentence stated the case had "been settled in principle[.]" Doc. 92 at 1.

"require[d] court approval of the parties' compromise pursuant to Federal Rule of Civil Procedure 23.1." *Id.*  They also stated that "the parties began settlement discussions in July 2005, which continued and concluded with a draft stipulation of settlement that is now being finalized[.]" *Id.*  Reiterating that court approval of their settlement was required pursuant to Rule 23.1, the parties asked for a stay of the action pending approval of the settlement.  *Id.* at 2.  They also proposed that they exchange a fully executed stipulation of settlement by November 18, 2005, and that they file and serve preliminary settlement approval papers by December 9, 2005.  *Id.*  The Notice of Settlement was signed by counsel for both Plaintiff and the Defendants.  *Id.* at 3.

On November 3, 2005, based on the Notice of Settlement, the Court entered an Order dismissing the case, without prejudice, "subject to the right of any party to re-open the action within sixty (60) days, upon good cause shown."  Doc. 93, ¶ 1, at 1.  Additionally, the Court directed the parties to "exchange a fully executed Stipulation of Settlement by November 18, 2005[,]" and to file and serve "preliminary settlement approval papers by December 9, 2005." *Id.,* ¶¶ 2 & 3, at 1.  Finally, the Court denied, as moot, all pending motions and directed the Clerk to close the file.  *Id.,* ¶¶ 4 & 5, at 1.

On December 6, 2005, Plaintiff filed a Motion for Order to Show Cause and for an Extension of Time (Doc. 94).  Therein, Plaintiff's counsel stated that the Defendants had failed to comply with that portion of the November 3rd Order requiring them to exchange a fully executed stipulation of settlement by November 18, 2005.  *Id.* at 1.  Continuing, the motion stated:

> Plaintiff provided a signed stipulation of settlement to Defendants pursuant to the Order on November 18th, 2005, but Defendants have yet to produce a signed copy of the agreed stipulation of settlement and have only asked for more time. Due to Defendant's [sic] delay in producing a signed stipulation of settlement, Plaintiff is unable to draft, file and serve his preliminary approval papers in support of the settlement timely, and is forced to request a reasonable extension of time in order to comply with the Order's requirement to file and serve preliminary settlement approval papers by Friday, December 9, 2005. Plaintiff requests two weeks to file and serve preliminary approval papers from the date Defendants provide a signed stipulation of settlement to Plaintiff in accordance with any future orders of this Court.

*Id.* at 1-2.

On December 8, 2005, Judge Spaulding held a hearing on the show-cause motion. *See* Doc. 96. That same day, Judge Spaulding entered an Order granting the motion, in part. Doc. 97. The Order stated:

> The deadline for the parties to exchange a fully executed Stipulation of Settlement is extended to December 16, 2005. It is **ORDERED** that the defendants shall provide their counsel with authority to sign the Stipulation of Settlement before December 16, 2005. If any defendant does not wish to give counsel such authority, the Court will schedule a hearing at which the objecting defendant will be required to appear personally before the Court on short notice to discuss the problems with the proposed Stipulation of Settlement. Counsel for the plaintiff shall inform the Court whether the defendants have complied with this Order on or before December 23, 2005.
>
> The deadline for the parties to file and serve preliminary settlement approval papers is extended to January 6, 2006.

*Id.* at 1-2.

On December 30, 2005, Plaintiff filed a Notice of Defendants' Failure to Authorize Execution of Stipulation of Settlement (Doc. 98).  In pertinent part, the Notice stated:

> Plaintiff's counsel was recently advised by defense counsel that he has attempted to gain authority to sign the stipulation of settlement from his clients on numerous occasions since the December 8, 2005 hearing, but they have not given him such authority.  As of Friday, December 23, 2005, defense counsel stated that his clients had not responded to a series of requests to authorize him to sign the stipulation and that he intended to file a motion to withdraw as counsel this week if the matter was not resolved over the weekend.  Since the holiday weekend, defense counsel has further advised that he has been diligent, but his clients have not given him any authority and nothing has been resolved.  It is clear that the Defendants are continuing to ignore their counsel and the orders of this Court.  Therefore, Plaintiff requests another hearing on his motion to show cause and for all parties to appear personally in front of Your Honor, including the CEO and CFO as corporate representatives of the corporate defendant Asconi to resolve this issue.

*Id.* at 2.

On January 3, 2006, Judge Spaulding issued an Order and Notice of Hearing (Doc. 99). The Order set a January 18, 2006 hearing on the Plaintiff's previously-filed Motion for Order to Show Cause, stated that "each party to the case, including a representative(s) of Asconi Corporation with full authority to enter into a settlement agreement, and all insurance representatives who are required to approve a settlement on behalf of any party, shall personally appear before the Court with their lead counsel at the hearing," and warned, in bold type: "**Failure of a party or counsel to attend the hearing, or to have full settlement authority, may result in a certification that the offending party should be held in contempt of court or otherwise sanctioned**." *Id.* at 1-2 (emphasis in original).  The Order also directed counsel to "cause a copy of this Order to be personally served on each of their clients and all insurance

-4-

representatives who must approve a settlement for any of their clients forthwith," and to "file

a notice of service with the Court on or before January 11, 2006." *Id.* at 3

On January 4, 2006, Plaintiff filed a motion seeking an extension of time to provide

preliminary settlement approval papers. *See* Doc. 100. Plaintiff requested "two weeks to file

and serve preliminary approval papers from the date that Defendants provide a signed

stipulation of settlement to Plaintiff in accordance with any future orders of this Court." *Id.* at

2. Judge Spaulding noticed this motion for hearing on January 18th. *See* Doc. 101.

The parties sought, and obtained, a continuance of the January 18th hearing date. *See*

Docs. 102 & 103. In her Order continuing the hearing to January 23, 2006, Judge Spaulding

reiterated her requirements regarding attendance at the hearing, the consequences of non-

appearance, and service of her Order. Doc. 103.

The hearing was held on January 23rd. Following the hearing, Judge Spaulding took

three actions. She denied the Plaintiff's motion to extend time to file preliminary settlement

approval papers (Doc. 100), on the basis that the Defendants would not sign, or authorize their

attorneys to sign, the settlement agreement. *See* Doc. 111 (text order). She also entered an

Order (Doc. 112) noting that Asconi, Melnick and Bujoreanu had failed to answer the amended

complaint within ten days after the Court's order denying their motions to dismiss, and directed

the Clerk to enter a default against them. As directed, the Clerk entered default on January 26,

2006. *See* Doc. 114. Finally, Judge Spaulding issued an R&R (Doc. 113) regarding Asconi.

Therein, Judge Spaulding noted that the three remaining Defendants, including Asconi, had

previously notified the Court that this case had been settled. *Id.* at 1. However, Judge

Spaulding stated, defense counsel had notified her at the January 23rd hearing that Asconi had

not authorized them to sign the settlement agreement. *Id.* Judge Spaulding stated that this "undermined the settlement agreement with respect to Melnick and Bujoreanu, who agreed to the settlement only because they were to be indemnified by Asconi Corporation." *Id.* Judge Spaulding further stated that she had ordered Asconi "personally to appear, through its representative," at the January 23, 2006 hearing, and that Asconi "received notice of the order," but that the corporation had failed to appear, "in direct violation of a Court order requiring it to send a representative to the hearing." *Id.* at 1-2. Continuing, the R&R stated, in pertinent part:

> Asconi Corporation has caused misrepresentations to be made to the Court regarding the settlement of this case. When it was given the opportunity to appear in Court to address these misrepresentations, it failed to appear. This conduct reflects deliberate disregard of the authority of the Court. By refusing to sign, or authorize its attorneys to sign, the settlement agreement, Asconi Corporation had prejudiced the plaintiffs [sic] and its co-defendants, and undermined the integrity of the litigation process. As such, I conclude that the only appropriate sanction in this instance is for the Court to render a judgment by default against Asconi Corporation pursuant to [Fed. R. Civ. P.] 16(f) and [Fed. R. Civ. P.] 37(b)(2)(C).

Doc. 113 at 2-3. Accordingly, Judge Spaulding recommended entry of a default judgment against Asconi, that the Court order Plaintiff to file and serve a proposed default judgment, and that "[t]he terms of the default judgment order should incorporate the terms of the settlement agreement purportedly reached between Asconi Corporation and the plaintiffs." *Id.* at 3.

On February 3, 2006, Asconi has filed its Objection (Doc. 115) to the R&R. At the outset, counsel for Asconi admitted that "Asconi elected to not have a representative attend the January 23, 2006 hearing although duly notified by counsel on several occasions that the Court

had directed its presence, through a representative, at the January 23, 2006 hearing." *Id.* at 1-2 (footnote omitted).  Nevertheless, counsel argued, "in a shareholder derivative action, a 'default judgment' does not appear to be an available sanction against a nominal corporate defendant, and that therefore a default judgment order against Asconi is not an appropriate sanction." *Id.* at 2 (footnote omitted).  Defense counsel quoted a legal treatise for the proposition that, in a shareholder derivative suit, a corporation is a nominal defendant, yet it receives any monetary recovery and is more like a plaintiff in economic terms.  *Id.*  Continuing, Asconi's counsel stated: "Here, while the two served individual defendants disputed their liability, and the proposed settlement agreement did not provide for any compensatory damages to be paid (the settlement provided for changes in corporate governance, and plaintiff's attorneys fees to be paid, subject to Court approval), it does not appear, in any event, that a default judgment can be entered against Asconi." *Id.* at 2-3.

Plaintiff responded by filing a legal memorandum in opposition to Asconi's Objection. *See* Doc. 119.  The gist of Plaintiff's position is that "Asconi, as a nominal defendant in this case, is a 'party' to the lawsuit and [is] subject to the inherent power and authority of this Court." *Id.* at 3.  Accordingly, Plaintiff argues, entry of default judgment against Asconi is appropriate as a sanction for the corporation's failure to comply with court orders and to appear at the January 23rd hearing.  *Id.* at 3-4.

For their part, Melnick and Bujoreanu have filed a motion to set aside the Clerk's defaults entered against them.  *See* Doc. 116.  They argue that because this case had been dismissed by virtue of the November 3rd Order, it was necessary to reopen the case and afford them an opportunity to file an answer before entering a default.  Doc. 116-3 at 2.  They even

go so far as to suggest that the dismissal order might have divested the Court of jurisdiction. *Id.* at 4 n.4.  Alternatively, Melnick and Bujoreanu contend that the defaults should be set aside because they have shown good cause and Plaintiff will not be prejudiced thereby.  *Id.* at 6-14.

In response, Plaintiff argues that the Court retained jurisdiction over this case because, *inter alia*, the Order of dismissal "included directives relating to the ultimate execution and resolution of the settlement agreement."  Doc. 120 at 3.  Accordingly, says Plaintiff, "[i]t is nonsensical to assert that the Court divested itself of the authority to enforce its own Order and directives within that Order."  *Id.* at 4.  Plaintiff also argues that the movants have failed to demonstrate good cause (indeed, *any* cause) for their failure to answer the complaint.  *Id.* at 4-5.

### III.  ANALYSIS

The Court determines that Asconi's objection to the R&R is without merit.  Asconi is a party to this action and is therefore subject to sanctions for violating court orders.  The company received notice that it must, on pain of sanctions, appear at the January 23rd hearing before Judge Spaulding.   Rather than comply with that directive, Asconi refused to communicate with its counsel and disobeyed the order by not appearing at the hearing.  The Court finds that Asconi's conduct was willful and deliberate.  Given the fact that the company refuses to communicate with its counsel and will not obey court orders, nothing short of a default judgment will uphold the Court's authority and the integrity of the litigation process.

Turning to Melnick and Bujoreanu's motion to set aside the defaults entered against them, the Court rejects the suggestion that the November 3rd dismissal order divested the Court of jurisdiction.  The parties' Notice of Settlement expressly stated that court approval of the settlement was necessary pursuant to Fed. R. Civ. P. 23.1.  Accordingly, the order of dismissal

directed the parties to file "preliminary settlement approval papers" by a date certain.  Doc. 93,

¶ 3, at 1.  This was a sufficient reservation of continuing jurisdiction.  Apart from this language,

Rule 23.1 operated to continue jurisdiction until final settlement approval.  In other words, the

case could not be finally concluded until the Court approved the parties' settlement.

On the merits, Melnick and Bujoreanu have failed to demonstrate entitlement to relief

from the defaults entered against them.  Their answer to the amended complaint was due in late

June 2005, ten days after the Court ruled on their motion to dismiss.  *See* Fed. R. Civ. P.

12(a)(4)(A). Melnick and Bujoreanu have not expressly stated why they failed to file and serve

an answer.  However, they have implied that they neglected to answer because they became

involved in settlement discussions.  This suggestion is puzzling.  Melnick and Bujoreanu's

attorneys have represented on more than one occasion that the settlement discussions began in

July 2005.  *See* Doc. 92 at 1; Declaration of Sigmund Wissner-Gross (Doc. 116-5), ¶ 9, at 4.[2]

However, the movants' answer was due to be served and filed in the latter part of June.  If the

parties did not begin talking settlement until July 2005, settlement discussions could not have

served as a distraction during the preceding month, when the movants' answer was due.

In any event, the bottom line is that instead of acting diligently, the movants ignored

their obligation to answer under the Federal Rules of Civil Procedure.  Moreover, they have

offered no explanation for this lapse.  In sum, the Court finds that Melnick and Bujoreanu have

simply failed to show good cause for setting aside the defaults.  Additionally, the Court rejects

---

[2]On the other hand, a statement in Plaintiff's response to Melnick and Bujoreanu's motion indicates that settlement discussions were already underway when Melnick and Bujoreanu's answer was due.  *See* Doc. 120 at 5 (stating the parties were in settlement negotiations at time answer was required to be filed).

the movants' argument that Judge Spaulding should have afforded them additional time to answer.

## IV.  CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1.  The January 24, 2006 Report and Recommendation (Doc. 113) is APPROVED AND ADOPTED.

2.  Defendant Asconi Corporation's Objection to Magistrate Judge Spaulding's Report and Recommendation (Doc. 115), filed February 3, 2006, is OVERRULED.

3.  Defendants Melnick and Bujoreanu's Motion to Set Aside an Entry of Default (Doc. 116), filed February 9, 2006, is DENIED.

4.  On or before March 22, 2006, Plaintiff shall (a) file and serve a properly-supported motion for entry of a default judgment against Defendants Melnick and Bujoreanu, and (b) submit a proposed final default judgment against Asconi, Melnick and Bujoreanu which incorporates the terms of the parties' settlement agreement.

5.  Melnick and Bujoreanu shall have until April 5, 2006 to file and serve a memorandum in opposition to the motion for default judgment.  Asconi, Melnick and Bujoreanu shall have until the same date to file and serve objections to the form of the proposed default judgment.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 8, 2006.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
Magistrate Judge Spaulding